UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CRISTIAN ALTAMIRANO, | Case No._____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| INNERWORKINGS, INC., CHARLES K. BOBRINSKOY, LINDSAY Y. CORBY, DAVID FISHER, JACK M. GREENBERG, ADAM GUTSTEIN, JULIE M. HOWARD, KIRT P. KARROS, RICHARD S. STODDART, and MARK ZENNER, | JURY TRIAL DEMANDED |
| Defendants. | |

---

Plaintiff Cristian Altamirano ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1. This is an action brought by Plaintiff against InnerWorkings, Inc. ("InnerWorkings" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which InnerWorkings will be acquired by HH Global Group Limited ("HH Global"), through its wholly owned subsidiary Project Idaho Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction").

2.	On July 16, 2020, InnerWorkings and HH Global issued a joint press release announcing that they had entered into an Agreement and Plan of Merger dated July 15, 2020 (the "Merger Agreement") to sell InnerWorkings to HH Global.  Under the terms of the Merger Agreement, each InnerWorkings stockholder will receive $3.00 per share in cash for each share of InnerWorkings common stock they own (the "Merger Consideration").

3.	On August 22, 2020, InnerWorkings filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that InnerWorkings stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) InnerWorkings management's financial projections, including the financial projections relied upon by InnerWorkings' financial advisor Citigroup Global Markets Inc. ("Citi") in its financial analyses, as well as the financial valuation analyses that support the fairness opinion provided by Citi; and (ii) potential conflicts of interest faced by Citi.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.	In short, unless remedied, InnerWorkings' public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting or appraisal decision on the Proposed Transaction.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.	This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.     This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  InnerWorkings' common stock trades on the NASDAQ Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

8.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of InnerWorkings.

9.     Defendant InnerWorkings is a Delaware corporation with its principal executive offices located at 203 North LaSalle Street, Suite 1800, Chicago, IL 60601.  The Company engineers marketing for leading brands across a wide range of industries.  InnerWorkings' common stock trades on the NASDAQ Global Select Market under the ticker symbol "INWK."

10.    Defendant Charles K. Bobrinskoy ("Bobrinskoy") has been a director of the Company since 2008.

11.    Defendant Lindsay Y. Corby ("Corby") has been a director of the Company since 2018.

12.    Defendant David Fisher ("Fisher") has been a director of the Company since 2011.

13.    Defendant Jack M. Greenberg ("Greenberg") serves as Chairman of the Board and has been a director of the Company since 2005.

14.    Defendant Adam Gutstein ("Gutstein") has been a director of the Company since 2018.

15. Defendant Julie M. Howard ("Howard") has been a director of the Company since 2012.

16. Defendant Kirt P. Karros ("Karros") has been a director of the Company since 2019.

17. Defendant Richard S. Stoddart ("Stoddart") is the Company's President and Chief Executive Officer ("CEO") and has been a director of the Company since 2018.

18. Defendant Mark Zenner ("Zenner") has been a director of the Company since 2019.

19. Defendants identified in paragraphs 10 – 18 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

20. HH Global is a company registered in England and Wales with its principal executive offices located at Grove House, Guildford Road, Fetcham, Leatherhead, United Kingdom, KT22 9DF. HH Global is a global outsourced marketing execution provider. Applying proven processes, industry-leading technology, and the deep expertise of over 1,300 employees, HH Global develops innovative solutions that drive down the cost of its clients' physical marketing procurement and content development, while improving quality, sustainability, and speed to market.

21. Merger Sub is a Delaware corporation and an indirect wholly owned subsidiary of HH Global.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

22. InnerWorkings is a leading global marketing execution firm for some of the world's most marketing intensive companies, including those listed in the Fortune 1000. As a comprehensive outsourced global solution, the Company leverages proprietary technology, an

extensive supplier network and deep domain expertise to streamline the creation, production and distribution of marketing and promotional materials, signage and displays, retail experiences, events and promotions and product packaging across every major market worldwide.  Through its network of more than 12,000 global suppliers, InnerWorkings offer a full range of fulfillment and logistics services that allow it to procure marketing materials of virtually any kind.

23. The Company generates revenue by procuring marketing materials from its suppliers and selling those products to its clients.  The Company procures products for clients across a wide range of industries, such as retail, financial services, hospitality, consumer packaged goods, non-profits, healthcare, pharmaceuticals, food and beverage, broadcasting and cable, and transportation,

24. For the year ended December 31, 2019, the Company's annual revenue was $1.2 billion, and InnerWorkings operated in 58 global office locations.

**The Proposed Transaction**

25. On July 16, 2020, InnerWorkings and HH Global issued a joint press release announcing the Proposed Transaction.  The press release states, in relevant part:

> LONDON & CHICAGO-- Jul. 16, 2020-- InnerWorkings, Inc. (NASDAQ: INWK) ("InnerWorkings") and HH Global Group Limited ("HH Global") today announced that they have signed a definitive agreement to combine operations. Under the terms of the agreement, HH Global will acquire InnerWorkings for $3.00 per share in an all-cash transaction representing approximately $177 million in equity value. This represents a premium of 127% to the closing price, and a premium of 104% to the 90-day volume weighted average price as of July 15, 2020. The transaction has been unanimously approved by the Boards of Directors of both companies.
>
> "Over the past several months, we've been taking actions to put InnerWorkings in the best position to weather the challenging environment in which we're operating," said Rich Stoddart, Chief Executive Officer of InnerWorkings. "In these times of significant economic uncertainty, the Board of Directors and management determined to undertake a comprehensive process to preserve and enhance value for shareholders. After exploring a range of financing and strategic alternatives, and implementing meaningful cost saving measures in response to the COVID-19

pandemic, we're confident this combination represents the best path forward for our shareholders and InnerWorkings. In addition to delivering an immediate cash premium to our shareholders, the combination will create a company with a stronger balance sheet and will enhance our ability to accelerate our transformation and serve our client base."

Robert MacMillan, Chairman and Group CEO of HH Global, said, "We are thrilled about this combination as it significantly accelerates our ability to execute on the next phase of our strategy by broadening our service offering and expanding our global reach. Not only do our two companies have complementary offerings, capabilities and geographic operations, but we also share a deep commitment to quality, innovation and operational excellence. We have long admired InnerWorkings and have got to know the management team well over the last few months, and we are confident that together we will create an even stronger company. We look forward to welcoming InnerWorkings to the HH Global family."

**Strategic Rationale**

The combination will result in a world-class marketing engineering and execution firm that is well-positioned to serve global clients seeking innovative, end-to-end marketing solutions that lower costs and improve brand consistency, visibility, sustainability and speed to market. With complementary offerings and capabilities, InnerWorkings' leading North American position and HH Global's strong leadership presence in EMEA and APAC, the combined company will operate with global reach and scale, maintaining the agility and client-focused execution that is core to both InnerWorkings and HH Global's strategic approach.

Together, the two companies will have a stronger operating model and balance sheet and will be well-positioned to continue InnerWorkings' transformation and to build and maintain long-term client relationships as a true first-choice partner for leading brands. In addition, the combined company will benefit from the support of funds managed or advised by Blackstone Tactical Opportunities, an existing strategic minority equity investor in HH Global.

**Additional Transaction Details**

Under the terms of the merger agreement, HH Global will acquire all of the outstanding shares of InnerWorkings common stock for $3.00 per share in cash which represents a premium of 127% to the closing price and a premium of 104% to the 90-day volume weighted average price as of July 15, 2020.

The transaction is subject to customary closing conditions, including approval by InnerWorkings' shareholders and receipt of certain regulatory approvals, and is expected to be completed before the end of the fourth quarter of 2020.

Citigroup Global Markets Inc. is serving as exclusive financial advisor to InnerWorkings and Sidley Austin LLP is serving as legal counsel. Moelis & Company LLC is acting as HH Global's exclusive financial advisor and Kirkland & Ellis LLP is serving as legal counsel.

**Insiders' Interests in the Proposed Transaction**

26. InnerWorkings insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of InnerWorkings.

27. InnerWorkings insiders also stand to reap substantial financial benefits for securing the deal with HH Global. Pursuant to the Merger Agreement, all outstanding options and restricted stock units will vest and convert into the right to receive cash payments. The following table summarizes the value of the transaction related compensation Company insiders and directors stand to receive:

| Non-Employee Director Equity Award Summary Table | | | | |
|---|---|---|---|---|
| Non-Employee Directors | Number of Restricted Stock Units (#)(1) | Value of Restricted Stock Units ($)(1) | Number of Stock Options (#)(2) | Value of Stock Options ($)(2) |
| Charles K. Bobrinskoy | 38,344 | 115,032 | 11,160 | 0 |
| Lindsay Y. Corby | 38,344 | 115,032 | — | — |
| David Fisher | 38,344 | 115,032 | 1,499 | 0 |
| Jack M. Greenberg | 53,681 | 161,043 | 11,160 | 0 |
| Adam Gutstein | 38,344 | 115,032 | — | — |
| Julie M. Howard | 38,344 | 115,032 | — | — |
| Kirt P. Karros | 69,057 | 207,171 | — | — |
| Mark Zenner | 69,057 | 207,171 | — | — |

| Executive Officer Unvested Restricted Stock Unit and Restricted Share Awards Summary Table | | | | | |
|---|---|---|---|---|---|
| Executive Officers | Restricted Stock Unit Awards (#)(1) | Value of Restricted Stock Units ($)(1) | Restricted Share Awards (#)(2) | Value of Restricted Share ($)(2) | Estimated Total Cash Consideration($) |
| Richard S. Stoddart* | 1,234,406 | 3,703,218 | 39,516 | 118,548 | 3,821,766 |
| Donald W. Pearson | 408,874 | 1,226,622 | — | — | 1,226,622 |
| Ronald C. Provenzano | 323,529 | 970,587 | 3,210 | 9,630 | 980,217 |

| | | | | | |
|---|---|---|---|---|---|
| Oren B. Azar | 168,397 | 505,191 | 901 | 2,703 | 507,894 |
| Renae D. Chorzempa | 142,591 | 427,773 | — | — | 427,773 |
| Adan K. Pope | 158,898 | 476,694 | — | — | 476,694 |

**Equity Officer Stock Option and Stock Appreciation Right Awards Summary Table**

| Executive Officers | Number of Stock Options (#)(1) | Value of Stock Options ($)(1) | Number of Stock Appreciation Rights (#)(1) | Value of Stock Appreciation Rights ($)(1) |
|---|---|---|---|---|
| Richard S. Stoddart* | 411,287 | 0 | 823,800 | 0 |
| Donald W. Pearson | — | — | 79,764 | 0 |
| Ronald C. Provenzano | 332,657 | 0 | 88,496 | 0 |
| Oren B. Azar | 61,856 | 0 | 46,018 | 0 |
| Renae D. Chorzempa | — | — | 31,358 | 0 |
| Adan K. Pope | — | — | 38,761 | 0 |

28. Moreover, if they are terminated in connection with the Proposed Transaction, InnerWorkings' named executive officers will receive substantial cash severance payments in the form of golden parachute compensation as set forth in the following table:

**Golden Parachute Payments**

| Name | Cash ($)(1) | Equity ($)(2) | Pension/ NQDC(3) | Perquisites/ Benefits ($)(4) | Tax Reimbursement(5) | Other | Total ($) |
|---|---|---|---|---|---|---|---|
| **Richard S. Stoddart** | 3,884,153 | 3,821,766 | — | 33,578 | — | — | 7,739,497 |
| **Donald W. Pearson** | 1,138,525 | 1,226,622 | — | 10,119 | — | — | 2,375,266 |
| **Ronald C. Provenzano** | 995,869 | 980,217 | — | 2,416 | — | — | 1,978,502 |
| **Oren B. Azar** | 835,082 | 507,894 | — | 24,042 | — | — | 1,367,018 |
| **Renae D. Chorzempa** | 711,148 | 427,773 | — | 16,311 | — | — | 1,155,232 |

## The Proxy Statement Contains Material Misstatements or Omissions

29. The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to InnerWorkings' stockholders. The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction or seek appraisal.

30. Specifically, as set forth below, the Proxy Statement fails to provide Company

stockholders with material information or provides them with materially misleading information concerning: (i) Innerworkings management's financial projections, including the financial projections relied upon by Innerworkings's financial advisor Citi in its financial analyses, as well as the financial valuation analyses that support the fairness opinion provided by Citi; and (ii) potential conflicts of interest faced by Citi. Accordingly, Innerworkings stockholders are being asked to make a voting or appraisal decision in connection with the Proposed Transaction without all material information at their disposal.

***Material Omissions Concerning the Financial Projections and Citi's Financial Analyses***

31. The Proxy Statement is materially deficient because it fails to disclose material information relating to InnerWorkings management's financial projections relied upon by Citi in its financial analyses.

32. For example, the Proxy Statement fails to disclose the Company's net income projections for fiscal year 2020 through 2024.

33. Additionally, the Proxy Statement sets forth that in February 2020, the Company approved an operating plan ("2020 Operating Plan"). The Proxy Statement fails, however, to disclose the Company's 2020 Operating Plan.

34. Without this information, InnerWorkings stockholders are unable to evaluate the Merger Consideration, InnerWorkings' financial future as a standalone entity, the accuracy of Citi's financial analyses, or make an informed decision whether the Proposed Transaction serves their best interests.

35. The Proxy Statement also fails to disclose material information concerning Citi's financial analyses.

36. The Proxy Statement describes Citi's fairness opinion and various valuation

analyses performed in support of its opinion. However, the description of Citi's fairness opinion and analyses fails to include certain analyses, as well as key inputs and assumptions underlying the analyses. Without this information, as described below, InnerWorkings' public stockholders are unable to determine what weight, if any, to place on Citi's fairness opinion in determining whether to vote their shares in favor of the Proposed Transaction or seek appraisal. This omitted information, if disclosed, would significantly alter the total mix of information available to InnerWorkings' stockholders.

37. With respect to Citi's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) quantification of the inputs and assumptions underlying the discount rate ranges of 13.0% to 15.2% and 15.7% to 18.8% used in the analysis; and (ii) quantification of the Company's terminal year unlevered, after-tax free cash flow.

38. With respect to the Wall Street research analysts' stock price targets observed by Citi, the Proxy Statement fails to disclose the individual price targets for the Company and the sources thereof.

39. With respect to Citi's analysis of selected companies in the print and business process outsourcing industry and in the marketing services industry, the Proxy Statement fails to identify the specific companies analyzed and also fails to disclose the individual multiples and financial metrics for each of the selected companies.

40. The omission of this material information renders the statements in the "Forward-Looking Financial Information" and "Opinion of the Company's Financial Advisor" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Citi's Potential Conflicts of Interest***

41. The Proxy Statement fails to disclose material information concerning the potential

conflicts of interest faced by Citi.

42. The Proxy Statement sets forth:

> As the Board was aware, Citi and its affiliates in the past have provided and in the future may provide investment banking, commercial banking and other similar financial services to the Company unrelated to the proposed merger, including, during the approximately two-year period prior to the date of Citi's opinion, having provided financial advisory services in respect of certain potential transactions that were not consummated.

Proxy Statement at 58-59. The Proxy Statement fails, however, to disclose the details of any fees Citi received in connection with the services it provided to the Company in the past two years.

43. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

44. The omission of this information renders the statements in the "Opinion of the Company's Financial Advisor" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

45. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other InnerWorkings stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

46. Plaintiff repeats all previous allegations as if set forth in full.

47. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

48. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about InnerWorkings management's financial projections relied upon by Citi for its financial analyses, the data and inputs underlying the valuation analyses performed by Citi, and the potential conflicts of interest faced by Citi. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

49. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

50. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

51. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive

relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

52. Plaintiff repeats all previous allegations as if set forth in full.

53. The Individual Defendants acted as controlling persons of InnerWorkings within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of InnerWorkings, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

54. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

55. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

56. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed

Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

57. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

58. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, InnerWorkings' stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of InnerWorkings, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to InnerWorkings stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 4, 2020

**WEISSLAW LLP**

By _____
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, New York 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email: racocelli@weisslawllp.com

*Attorneys for Plaintiff*